# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

CLEVELAND D. DUNN,

    Plaintiff,

v.

CIVIL ACTION NO.: CV513-131

DARRELL HART, Warden, Ware
State Prison; Lt. FNU ADAMS;
JOHN DOE, Correctional Officer,
Ware State Prison; BARBARA
J. MOORE, LPN, Ware State
Prison; MARY GAIL FERRA, NP,
Ware State Prison; H. VAUGHN,
Director of Nursing, Ware State Prison;
LARRY EDWARDS, Physician's
Assistant, Calhoun State Prison;
GEORGIA DEPARTMENT OF
CORRECTIONS; BRIAN OWENS,
Commissioner; THOMAS E. SITTNICK,
Director of Health Services, Georgia
Department of Corrections; GEORGIA
CORRECTIONAL HEALTHCARE
("GCHC"); ROBERT BRADFORD,:
Managing Director - GCHC; and
DR. BILL NICHOLS, State Medical
Director, GCHC,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Autry State Prison in Pelham, Georgia, filed a cause of action, through counsel, pursuant to 42 U.S.C. § 1983 contesting certain

conditions of his confinement while he was housed at Ware State Prison in Waycross, Georgia, and Calhoun State Prison in Morgan, Georgia.[1] A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

---

[1] Calhoun State Prison lies within the Middle District of Georgia, but Plaintiff's contentions against personnel at Ware State Prison and Calhoun State Prison are related. The Court will allow Plaintiff to proceed in this manner.

AO 72A
(Rev. 8/82)

Plaintiff contends that he was attacked by another inmate, and Defendant John Doe, a correctional officer, was not at his assigned duty post at the time. Plaintiff also contends that Defendant Adams: found him after this attack; took pictures of Plaintiff's injuries; was aware of Plaintiff's pre-existing condition of hydrocephalus; and took Plaintiff to the medical unit. Plaintiff asserts that Defendant Moore questioned him after the attack, cleaned the blood off of Plaintiff, gave him Tylenol and ice, and advised Plaintiff to come back to the medical unit if he had any problems. Plaintiff contends that Defendant Moore denied his request to be taken somewhere for emergency care, even after she was informed that Plaintiff suffers from hydrocephalus and was scheduled for surgery. Plaintiff alleges that Defendant Ferra informed him that Defendant Moore's recommended course of treatment was sufficient. Plaintiff avers that Defendant Hart saw his injuries, and Plaintiff expressed concern over the severity of his injuries. Plaintiff asserts that Defendant Hart failed to pursue any option which would allow Plaintiff to be properly treated. Plaintiff also asserts that Defendant Edwards (Calhoun State Prison) refused to send him for immediate medical assistance upon Plaintiff's arrival at this Prison. Plaintiff contends that he had x-rays and a CT scan performed more than two (2) weeks after the attack, and these images revealed that he had multiple facial fractures which had healed improperly. Plaintiff asserts that Defendant Vaughn, the head of nursing, was responsible for the training and supervision of medical personnel and failed to provide Plaintiff with proper medical treatment. Plaintiff also asserts that Defendants Georgia Correctional Healthcare, Bradford, and Nichols are contractually responsible for the provision of healthcare to inmates in certain penal institutions. Plaintiff also asserts that Defendant Sittnick with the Office of Health Services is

AO 72A
(Rev. 8/82)

responsible for the implemented policies for healthcare and the oversight of medical care providers. Finally, Plaintiff asserts that Defendants the Georgia Department of Corrections and Owens, the Commissioner, are responsible for the policies and procedures in place which require approval for certain medical treatments, causing a delay in treatment. Plaintiff seeks monetary and injunctive relief.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff fails to show that Defendant Adams' actions violated his constitutional rights. Instead, Plaintiff's assertions against Defendant Adams reveal that Defendant Adams realized Plaintiff needed medical attention and escorted him to the medical unit for medical treatment. Plaintiff's claims against Defendant Adams should be **DISMISSED**.

Georgia Correctional Healthcare is a private entity which contracts with the Georgia Department of Corrections to provide services "traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under section 1983." Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (internal punctuation and citation omitted). In addition, it appears Plaintiff seeks to hold Defendants Bradford and Nichols liable based solely on their supervisory positions. In section 1983 actions, liability must be based on something more than a theory of

4

respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendants Georgia Correctional Healthcare, Bradford, and Nichols should be **DISMISSED**.

In addition, a lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, the Eleventh Amendment immunizes this office from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Thus, Plaintiff's claims against the Georgia Department of Corrections should be **DISMISSED**.

The Eighth Amendment imposes duties on prison officials such as the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when prison officials show a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). Plaintiff's claims against Defendant John Doe should be **DISMISSED**, as Plaintiff fails to make a basic showing that Defendant John Doe knew Plaintiff faced a substantial risk of harm and was deliberately indifferent to that risk.

5

To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not satisfied all of the prerequisites; therefore, his request for injunctive relief should be **DENIED**.

However, it is a well-settled principle that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment" in violation of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977) (internal quotes omitted)). In addition, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer, 511 U.S. at 832.

In considering a claim that a defendant delayed medical treatment to a plaintiff, the "relevant factors include: '(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay.'" Alsobrook v.

Alvarado, 477 F. App'x 710, 712 (11th Cir. 2012) (quoting Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007)).

Additionally, "[t]o state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Moore, Ferra, Edwards, and Hart for deliberate indifference to a serious medical need and against Defendants Moore, Ferra, Edwards, Hart, Owens, and Sittnick for the alleged delay in obtaining medical treatment. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Moore, Ferra, Edwards, Hart, Owens, and Sittnick by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he or she must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed in forma pauperis, service must be made by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request

that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, he or she is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further

AO 72A
(Rev. 8/82)

pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq.* Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as the Defendants. Interrogatories shall not be filed with the court. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have

AO 72A
(Rev. 8/82)

permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

AO 72A
(Rev. 8/82)

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavit will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

AO 72A
(Rev. 8/82)

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of March, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)