IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CLEVELAND D. DUNN,

    Plaintiff,

v.

CIVIL ACTION NO.: CV513-131

DARRELL HART, Warden, Ware
State Prison; Lt. FNU ADAMS;
JOHN DOE, Correctional Officer,
Ware State Prison; BARBARA
J. MOORE, LPN, Ware State
Prison; MARY GAIL FERRA, NP,
Ware State Prison; H. VAUGHN,
Director of Nursing, Ware State Prison;
LARRY EDWARDS, Physician's
Assistant, Calhoun State Prison;
GEORGIA DEPARTMENT OF
CORRECTIONS; BRIAN OWENS,
Commissioner; THOMAS E. SITTNICK,
Director of Health Services, Georgia
Department of Corrections; GEORGIA
CORRECTIONAL HEALTHCARE
("GCHC"); ROBERT BRADFORD,
Managing Director - GCHC; and
DR. BILL NICHOLS, State Medical
Director, GCHC,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Plaintiff filed Objections through his counsel. In his Objections, Plaintiff asserts that Lieutenant Adams was deliberately indifferent to his serious medical needs because Adams

escorted Plaintiff to the medical unit after witnessing Plaintiff's injuries, took pictures and a video of his condition and the scene, relayed information to Nurse Moore regarding Plaintiff's preexisting medical condition and planned surgery, and tried to have Nurse Moore authorize Plaintiff's transport to another facility for more assistance. As the Magistrate Judge advised Plaintiff, the evidence establishes that Adams realized Plaintiff needed medical attention and escorted him to the medical unit to receive attention. Even if Adams took Plaintiff to segregation after taking Plaintiff to medical for medical attention and sought no further assistance, as Plaintiff alleges, Plaintiff simply fails to show how Adams could have done more than he did or that Adams' actions constitute deliberate indifference.

Plaintiff also asserts that Defendants Georgia Correctional Healthcare, Nichols, and Bradford should not be dismissed because he should have the opportunity to develop the allegations in his Complaint and discover additional information regarding policies he alleges resulted in the denial of adequate medical care. Plaintiff alleges that these Defendants are liable based on their failure to train their subordinates properly. Plaintiff fails to identify the policy or policies in place or the lack of training which resulted in the alleged denial of adequate medical care for his injuries. The undersigned notes that a plaintiff need not set forth every detail in his complaint to have his claims survive initial screening. However, a plaintiff is to give enough detail in his complaint so that a defendant will know why he is being sued. This is especially true when a plaintiff is represented by counsel. "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

AO 72A
(Rev. 8/82)

liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. Plaintiff's assertions against Defendants Georgia Correctional Healthcare, Bradford, and Nichols are conclusory and do not reach the plausibility standard.

Plaintiff avers that his claims against Defendant John Doe should not be dismissed. Prison officials have a duty to ensure the safety of inmates. However, a prison official cannot be held liable under deliberate indifference principles if an inmate in his charge is harmed and that prison official was unaware of a substantial risk of serious harm to that inmate. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). At best, Plaintiff's allegations against John Doe reveal that John Doe may have been negligent by not being at his post at the time of Plaintiff's attack, but negligence is an insufficient basis for liability under 42 U.S.C. § 1983. Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) ("[S]imple negligence is not actionable under §

3

1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights.").

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Plaintiff's claims against Defendants Adams, Georgia Correctional Healthcare, Bradford, Nichols, the Georgia Department of Corrections, and John Doe are **DISMISSED**. Plaintiff's request for injunctive relief is **DENIED**.

**SO ORDERED**, this 11 day of August, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)