IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CLEVELAND D. DUNN,

    Plaintiff,

v.

CIVIL ACTION NO.: CV513-131

DARRELL HART, Warden, Ware
State Prison; BARBARA J. MOORE,
LPN, Ware State Prison; MARY GAIL
FERRA, NP, Ware State Prison;
H. VAUGHN, Director of Nursing,
Ware State Prison; LARRY EDWARDS,
Physician's Assistant, Calhoun State
Prison; BRIAN OWENS, Commissioner;
and THOMAS E. SITTNICK, Director
of Health Services, Georgia
Department of Corrections,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Baldwin State Prison in Milledgeville, Georgia, filed a cause of action, through counsel, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Ware State Prison in Waycross, Georgia, and at Calhoun State Prison in Morgan, Georgia. Defendants filed a Motion to Dismiss. Plaintiff filed a Response, and Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was attacked by another inmate, and an unknown correctional officer was not at his assigned duty post at the time. Plaintiff also contends that Lieutenant Adams: found him after this attack; took pictures of Plaintiff's injuries; was aware of Plaintiff's pre-existing condition of hydrocephalus; and took Plaintiff to the medical unit. Plaintiff asserts that Defendant Moore questioned him after the attack, cleaned the blood off of Plaintiff, gave him Tylenol and ice, and advised Plaintiff to come back to the medical unit if he had any problems. Plaintiff contends that Defendant Moore denied his request to be taken somewhere for emergency care, even after she was informed that Plaintiff suffers from hydrocephalus and was scheduled for surgery. Plaintiff alleges that Defendant Ferra informed him that Defendant Moore's recommended course of treatment was sufficient. Plaintiff avers that Defendant Hart saw his injuries, and Plaintiff expressed concern over the severity of his injuries. Plaintiff asserts that Defendant Hart failed to pursue any option which would allow Plaintiff to be properly treated. Plaintiff also asserts that Defendant Edwards (Calhoun State Prison) refused to send him for immediate medical assistance upon Plaintiff's arrival at this Prison. Plaintiff contends that he had x-rays and a CT scan performed more than two (2) weeks after the attack, and these images revealed that he had multiple facial fractures which had healed improperly. Plaintiff asserts that Defendant Vaughn, the head of nursing, was responsible for the training and supervision of medical personnel and failed to provide Plaintiff with proper medical treatment.[1] Plaintiff also asserts that

---

[1] Defendants correctly note that the undersigned failed to either recommend the dismissal of Plaintiff's claims against Defendant Vaughn or sanction the service of Plaintiff's Complaint upon Defendant Vaughn. As this sentence represents the entirety of Plaintiff's claims against Defendant Vaughn, Defendant Vaughn should be dismissed as a named Defendant. A plaintiff must set forth "a short and

2

Defendant Sittnick with the Office of Health Services is responsible for the implemented policies for healthcare and the oversight of medical care providers. Finally, Plaintiff asserts that Defendant Owens, the Commissioner, is responsible for the policies and procedures in place which require approval for certain medical treatments, causing a delay in treatment.

Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to filing this cause of action. Defendants also contend that Plaintiff's claims are barred by the applicable statute of limitations period. Defendants allege that Plaintiff fails to set forth a plausible Eighth Amendment claim. Defendants contend that they are entitled to qualified immunity.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

---

plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. It appears that Plaintiff seeks to hold Defendant Vaughn liable based on her position as head of nursing, as he makes no factual allegations against Defendant Vaughn. Plaintiff's claims against Defendant Vaughn should be **DISMISSED**.

3

## DISCUSSION AND CITATION TO AUTHORITY

Defendants contend that Plaintiff did not properly exhaust his administrative remedies on most of his claims prior to the filing of this cause of action.[2] Defendants assert that Plaintiff filed Informal Grievance 99010 on September 27, 2011, and this grievance is only timely as to events which allegedly occurred on or after September 17, 2011. Defendants contend that Plaintiff's claims of misconduct against all Defendants except Defendant Edwards should be dismissed because Plaintiff's grievance was filed untimely. However, as to his claims against Defendants Edwards, Hart, and Owens, Defendants assert Plaintiff did not exhaust his administrative remedies because he did not file a grievance concerning these claims.

Plaintiff contends that he filed his grievance on September 19, 2011, which was within the ten (10) days allowed under the applicable Standard Operating Procedure. Plaintiff contends that he submitted his appeal of the denial of his formal grievance on December 8, 2011, and he did not file this cause of action until after he was to receive the response to this appeal on March 8, 2012. Plaintiff asserts that his grievance concerned his beating, resulting injuries, and the inability to receive adequate medical treatment. Plaintiff also contends that the assertions he raised in his grievance "sufficiently implicated" Defendants and their liability. (Doc. No. 40, p. 6).

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a)

---

[2] Defendants allege that Plaintiff has a failure to protect claim pending against Defendants Owens and Hart. (See, e.g., Doc. No. 27-1, p. 8). The undersigned expressly ordered service of Plaintiff's Complaint based on deliberate indifference to a serious medical need and for the alleged delay in obtaining medical treatment. (Doc. No. 16).

4

states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule

AO 72A
(Rev. 8/82)

12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate had to complete under the Georgia Department of Corrections' grievance procedure in effect at the time this cause of action began.[3] First, an inmate had to file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 27-5, p. 6). An inmate was to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 7). If the inmate was dissatisfied with the resolution of his informal grievance, he was to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id.). Once an inmate received the Warden's response to his formal grievance and was dissatisfied with that response, he had five (5) business days to file an appeal with the Commissioner. (Id. at p. 9). The Commissioner's Office had 90 calendar days after receipt of the appeal to respond. (Id. at p. 10).

Plaintiff signed and dated Informal Grievance Number 99010 on September 26, 2011, and stated that he was "brutally beaten" and received "multiple head/face injuries, chronic brain illness and injuries" on September 9, 2011. (Doc. No. 27-6, p. 2). Plaintiff also stated that he required x-rays and treatment at Augusta State Medical Prison immediately, yet he was transferred to Calhoun State Prison and was unable to "maintain" in general population. (Id.). Plaintiff received a response to this informal

---

[3] This SOP was amended with an effective date of December 10, 2012, and inmates are no longer required to file an informal grievance. (SOP IIB05-0001, p. 4) (Dec. 2012). The previous version of this SOP is relevant for this Court's purposes.

6

grievance that he was seen in medical then placed in administrative segregation. Plaintiff was also informed that transfers are not a medical issue. (Id.).

Plaintiff signed Formal Grievance Number 99010 on October 25, 2011. In addition to recounting the alleged events of September 9, 2011, Plaintiff stated that he was not treated for his injuries at Ware State Prison and was transferred to Calhoun State Prison. Plaintiff also stated that the medical staff at Augusta State Medical Prison ordered reconstructive surgery for his face and head on October 24, 2011. (Doc. No. 27-7, p. 2). The Warden (or his designee) responded to this grievance and informed Plaintiff that he received medical treatment after his attack and that staff followed proper procedures. Plaintiff received this response on December 7, 2011. (Id.; Doc. No. 40-1, p. 2). Plaintiff contends that he submitted his final appeal on December 8, 2011. (Doc. No. 40, p. 3).

Assuming without deciding that Plaintiff set forth sufficient information in his informal and formal grievances so that all remaining Defendants were put on notice of Plaintiff's claims against them, the Court must determine whether Plaintiff properly exhausted his administrative remedies prior to the filing of his cause of action. In making this determination, the Court must consider Plaintiff's version of the facts regarding exhaustion. Under Plaintiff's version of events regarding exhaustion, Plaintiff filed an appeal of the denial of his formal grievance on December 8, 2011, and he did not receive a response on that appeal within the 90 days allotted for response under the SOP, which would have been on or before March 8, 2012. In fact, Plaintiff asserts that he had not received a response at the time he filed his Complaint on December 19, 2013. (Doc. No. 40, pp. 3–4). The parties' contentions regarding Plaintiff's exhaustion

AO 72A
(Rev. 8/82)

create a dispute, which the Court must resolve by examining the evidence outside of the pleadings.[4]

The evidence before the Court reveals that Plaintiff signed Informal Grievance Number 99010 on September 26, 2011, (doc. no. 27-6, p. 2), and he filed a formal grievance after the denial of the informal grievance on October 25, 2011. (Doc. No. 27-7, p. 2). Plaintiff received the response on December 7, 2011. (Id.). The Court notes Plaintiff's contention that he filed an appeal of the denial of his formal grievance. However, there is no evidence of record to support this contention. In fact, the evidence before the Court reveals that Plaintiff did not file an appeal, and thus, he did not properly exhausted his administrative remedies, as required by the SOP and binding case law. Specifically, Defendants submitted Plaintiff's OTIS grievance history which reveals that Plaintiff's Formal Grievance Number 99010 was denied on December 19, 2011, and Plaintiff did not file an appeal. (Doc. No. 27-3, p. 2). Plaintiff filed appeals in grievances numbered 50506, 118359, 127275, 128156, 137512, and 147296, and with each of these grievances, Plaintiff's appeals were denied. (Id.). These appeals were taken before and after September 9, 2011, and originated from two (2) separate penal institutions. (Id.). The undersigned notes Plaintiff's citation to Exhibit A attached to his Response to Defendants' Motion. This document reveals that Plaintiff's formal grievance was denied and in no way shows or suggests that Plaintiff filed an appeal of this denial. (Doc. No. 40-1). Rather, the evidence before the Court indicates that

---

[4] The Court rejects Defendants' assertion that Plaintiff did not file his informal grievance within ten (10) days of the events giving rise to this cause of action, rendering his grievance untimely and barring this cause of action on that basis. The undersigned notes that SOP IIB05-0001 provides that, "When an inmate attempts to grieve an item that . . . is out time, . . . it will be rejected, noting the specific reason for this action." (Doc. No. 27-5, p. 5) (emphasis added). If Plaintiff's informal grievance was untimely, as Defendants insist, it was to be rejected. Instead, prison staff answered Plaintiff's informal (and formal) grievance based on the merits of his contentions. If inmates are to be bound by this SOP, so too should prison staff.

8

Plaintiff did not file an appeal of the denial of his formal grievance. Accordingly, Plaintiff did not properly and fully exhaust his administrative remedies prior to the filing of his Complaint.

It is unnecessary to address the remaining portions of Defendants' Motion.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, based on his failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of August, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)