# In the United States District Court
## for the Southern District of Georgia
## Waycross Division

CLEVELAND D. DUNN,

       Plaintiff,

       v.

DARRELL HART, Warden, Ware
State Prison; BARBARA J. MOORE,
LPN, Ware State Prison; MARY GAIL
FERRA, NP, Ware State Prison;
H. VAUGHN, Director of Nursing,
Ware State Prison; LARRY EDWARDS,
Physician's Assistant, Calhoun State
Prison; BRIAN OWENS, Commissioner;
and THOMAS E. SITTNICK, Director
of Health Services, Georgia
Department of Corrections,

       Defendants.

      CIVIL ACTION NO.: CV513-131

## ORDER

Presently before the Court are Defendants' and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, dkt. no. 70, and Defendants' Response to Plaintiff's Objections. After an independent and *de novo* review of the entire record, the undersigned **OVERRULES** the parties' Objections, concurs with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Report and Recommendation, as supplemented below, as the opinion of the Court.

BACKGROUND

Plaintiff, through counsel, filed this cause of action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. The Magistrate Judge conducted the requisite frivolity review and ordered service of Plaintiff's Complaint upon the captioned Defendants and recommended the dismissal of Plaintiff's claims against certain entities. Dkt. Nos. 16, 18. The undersigned adopted this recommendation as the opinion of the Court, and dismissed Plaintiff's claims against Lt. FNU Adams, Georgia Correctional Healthcare, Robert Bradford, Bill Nichols, the Georgia Department of Corrections, and John Doe. Dkt. No. 45. Those Defendants upon whom the Magistrate Judge ordered service of Plaintiff's Complaint filed a Motion to Dismiss. Dkt. No. 27. The Magistrate Judge initially recommended that Defendants' Motion to Dismiss be granted based on Plaintiff's failure to exhaust his administrative remedies prior to filing this cause of action. Dkt. No. 46. However, based on Plaintiff's objections to that recommendation, the Magistrate Judge vacated his Report and Recommendation and directed the parties to offer explanations of several items bearing on the issue of whether Plaintiff exhausted his administrative remedies and to file any desired additional documentation. Dkt. No. 54, 69.

After the parties responded to the Magistrate Judge's directives, he entered the Report and Recommendation, dkt.

no. 70, to which the parties have now objected. In that Report

and Recommendation, the Magistrate Judge recommended that

Defendants' Motion to Dismiss should be granted in part and

denied in part. Specifically, the Magistrate recommended

Plaintiff's claims against Defendant Edwards, as well as his

claims against all Defendants for failure to protect, should be

dismissed without prejudice for failure to exhaust

administrative remedies. The Magistrate also recommended

dismissal of all claims against Defendants in their official

capacity on Eleventh Amendment immunity grounds. Additionally,

the Magistrate concluded that Plaintiff's claims against

Defendants Vaughn, Owens, and Sittnick should be dismissed for

failure to state a claim. However, the Magistrate concluded

that Defendants' Motion on statute of limitations grounds should

be denied and that Plaintiff had stated facially plausible

claims against Defendants Moore, Ferra, and Hart for deliberate

indifference to Plaintiff's medical needs. The undersigned

addresses the parties' Objections to the Magistrate's Report and

Recommendation as follows.

DISCUSSION

## I. Defendants' Objections

Defendants do not object to the Magistrate Judge's

conclusion that Plaintiff exhausted his administrative remedies

as to his deliberate indifference claims against Defendants

Moore, Ferra, and Hart. However, Defendants do object to the recommendation that Plaintiff filed his claims within the applicable statute of limitations period. In addition, Defendants contest the Magistrate Judge's conclusion that Plaintiff has stated cognizable claims against Defendants Moore, Ferra, and Hart and that these Defendants are not entitled to qualified immunity. The Court addresses these lines of argument in turn.

### A.  Defendants' Statute of Limitations Objections

Defendants assert that, while the Magistrate Judge recognizes that Georgia law does not permit tolling of the applicable statute of limitations period, he did not apply Georgia law to this case. Defendants contend that the cases from other Circuits the Magistrate Judge cited in reaching his conclusion that Plaintiff is entitled to tolling were based on those courts' reliance on the laws of the states in those Circuits. Defendants assert that Georgia law should be applied, and Georgia law reveals that tolling of the limitations period is inapplicable to the time period during which Plaintiff was pursuing his administrative remedies. Defendants also assert that Plaintiff's cause of action is time barred because his deliberate indifference claims accrued no later than October 24,

2011, when outside doctors informed him that he needed facial surgery.[1] Dkt. No. 72, pp. 4-7.

Constitutional claims brought pursuant to Section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

In addition to complying with the statute of limitations, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of

---

[1] Because Defendants do not object to the Magistrate Judge's conclusion that Plaintiff exhausted his administrative remedies as to his deliberate indifference claims against the Ware State Prison Defendants, the undersigned addresses exhaustion only to the extent it has a bearing on the Magistrate Judge's conclusions regarding tolling of the statute of limitations, to which Defendants do object.

this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an 'agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

Plaintiff submitted his final appeal of the denial of his grievance on December 8, 2011, and it was received by Alexander Jordan, who is a counselor at Calhoun State Prison. Dkt. No. 56-1, p. 5. Plaintiff exhausted his administrative remedies while in prison. Because exhaustion of Plaintiff's administrative grievance was a mandatory precondition of filing suit in federal court, the issue is whether the limitations period should be tolled due to Plaintiff's compliance with the Prison Litigation Reform Act's ("PLRA") provisions.

Tolling is governed by state law. Because the events giving rise to Plaintiff's cause of action allegedly occurred in Georgia, Georgia's laws regarding tolling apply. Georgia law

does not permit tolling of the limitations period based on a litigant's incarceration status. O.C.G.A. § 9-3-90(b). Though Plaintiff contends that his claims arose while he was incarcerated, he does not argue that the limitations period should be tolled merely due to that incarceration. Rather, he posits that, because he was prevented from bringing this cause of action until he exhausted his administrative remedies, the statute of limitations was tolled while he pursued those remedies. Dkt. No. 40, p. 7. In support of this position, Plaintiff cites to the Court's decision in Watkins v. Haynes, 2:12-CV-50 (S.D. Ga. Mar. 27, 2013) (Wood, J.).

In Watkins, the Court noted that Georgia has not recognized an "administrative exhaustion" tolling doctrine separate and apart from equitable tolling. However, this Court applied the policies and rationale from Georgia case law and found that the plaintiff was entitled to equitable tolling of the limitations period for the time in which he was required to pursue administrative remedies. Watkins, 2:12-CV-50, Dkt. No. 44, pp. 17-27, (citing Leal v. Ga. Dept. of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) ("[T]he plain language of th[e] statute makes exhaustion a precondition to filing an action in federal court.") (citation omitted); Priester v. Rich, 457 F. Supp.2d 1369, 1373 (S.D. Ga. 2006), aff'd sub nom., Bryant v. Rich, 530

F.3d 1368 (11th Cir. 2008) ("Administrative grievance procedures must be exhausted prior to suit.").

Georgia has no statutory tolling provision which addresses Plaintiff's assertion that the statute of limitations period applicable to Section 1983 actions should have tolled while he exhausted his administrative remedies. Moreover, as explained in Watkins, the Supreme Court of Georgia has not addressed "whether the limitations period is equitably tolled while a plaintiff exhausts the PLRA's administrative review process." Watkins, 2:12-CV-50, Dkt. No. 44, p. 18. Consequently, the limitations period was not explicitly tolled by Georgia statute or case law.

However, the Court found equitable tolling warranted based on Georgia case law outlining the purposes of limitations periods and establishing equitable tolling in other contexts. The Court need not restate its analysis from Watkins at length herein. However, the Court's discussion of Georgia equitable tolling cases including opinions that had addressed tolling in the contexts of class actions, worker's compensation claims, and arbitration remedies is instructive. Watkins, 2:12-CV-50, Dkt. No. 44, pp. 19-23 (citing, inter alia, State v. Private Truck Council of Am., 371 S.E.2d 378 (Ga. 1998); Antinoro v. Browner, 478 S.E.2d 392, 395 (Ga. App. 1996); Butler v. Glenn Oak's Turf, Inc., 395 S.E.2d 277 (Ga. Ct. App. 1990)). Throughout these

cases, Georgia courts emphasized that the purpose of a statute of limitations is to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights[.]" Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 352 (1983) (citations omitted). Based on this premise, Georgia courts frequently find equitable tolling when an earlier proceeding—be it a class action suit, administrative claim, or arbitration—has provided a defendant with sufficient notice of the plaintiff's claim so that the defendant can "prepare a defense while the facts are fresh." Antinoro, 478 S.E.2d at 395. In addition, Georgia courts employ equitable tolling to prevent requiring a plaintiff to file a claim that will be mooted by an ongoing dispute resolution mechanism.

Applying these rationales from Georgia equitable tolling precedent, the Court finds, as it did in Watkins, that the statute of limitations was tolled while Plaintiff complied with the PLRA and pursued administrative remedies prior to filing suit. Those Defendants against whom Plaintiff filed a grievance were placed on notice of Plaintiff's claims such that they could prepare a defense at a time while the facts were still fresh. Moreover, if Plaintiff had filed suit before administrative exhaustion, his action would have been dismissed for failure to comply with the PLRA's exhaustion requirements. Additionally, Plaintiff should receive the benefit of equitable tolling where

he was complying with federal law by pursuing alternatives to filing suit.

As the Magistrate Judge concluded in his Report and Recommendation, Plaintiff exhausted the PLRA's mandatory administrative review process, at the earliest, on December 8, 2011.[2] Dkt. No. 70, p. 15. The two-year statute of limitations was tolled until this date. Therefore, Plaintiff's Complaint, filed on December 9, 2013, was timely.[3] For these reasons, Defendants' objections to the Magistrate Judge's findings regarding the statute of limitations are **OVERRULED**, and this portion of Defendants' Motion to Dismiss is **DENIED**.

### B. Defendants' Eighth Amendment/Qualified Immunity Objections

Defendants object to the Magistrate Judge's finding that Plaintiff has stated a cognizable claim against Defendants Moore, Ferra, and Hart for deliberate indifference to Plaintiff's medical needs. They further object to the recommendation that these Defendants are not entitled to qualified immunity at this time.

---

[2] As the Magistrate Judge pointed out, Defendant's exhaustion date could be as late as March 7, 2012. Defendants have not objected to the Magistrate Judge's conclusion regarding the date that Plaintiff exhausted his administrative remedies.

[3] December 8, 2013 was a Sunday. Thus, the following Monday, December 9, 2013, would be the proper date to use as the expiration of the limitations period. FED. R. CIV. P. 6(a)(1)(c).

Defendants note that they do not dispute that Plaintiff's Complaint includes allegations that Defendants Moore, Ferra, and Hart saw Plaintiff after he was assaulted and were made aware of his pre-existing medical conditions. Dkt. No. 72, p. 7. However, Defendants disagree that Plaintiff's allegations permit an inference that Defendants Moore, Ferra, and Hart did nothing to provide him with medical treatment. They contend that Defendants Moore, Ferra, and Hart took "some action" to treat Plaintiff's injuries, (id.), even if their actions were not the actions Plaintiff desired. Defendants further object to the Magistrate Judge's recommendation regarding Defendant Hart, who was the warden at the time of the events giving rise to Plaintiff's Complaint because he was not a member of the medical staff. Defendants assert that Plaintiff's contentions reveal that Defendant Hart's alleged failure to make sure Plaintiff received a particular medical treatment for his injuries was nothing more than mere negligence, as Defendant Hart "was *presumably* relying upon the medical staff at Ware State Prison to appropriately treat Plaintiff[.]" (Id. at p. 8) (emphasis supplied.) Defendants also assert that, because Plaintiff fails to set forth a viable constitutional violation, they are entitled to qualified immunity.

Defendants' Objections are a reiteration of the contentions initially advanced in their Motion to Dismiss. As the

Magistrate Judge correctly concluded, Defendants overlook the entirety of Plaintiff's allegations against Defendants Moore, Ferra, and Hart, and the relatively low burden of plausibility Plaintiff must overcome in a motion to dismiss. Defendants wish for the Court to act as a factfinder, which is not proper on a motion to dismiss. This is not the stage for the Court to test the sufficiency of the evidence supporting Plaintiff's claims. Rather—and as the Magistrate Judge observed—such a determination can only be made on a motion for summary judgment or at trial.

Therefore, the Court **OVERRULES** Defendants' Objections to the Magistrate Judge's conclusions regarding the substance of Plaintiff's claims against Defendants Moore, Ferra, and Hart. Plaintiff has set forth a cognizable claim that these Defendants were deliberately indifferent to Plaintiff's serious medical needs, and these Defendants are not entitled to qualified immunity. These portions of Defendants' Motion to Dismiss are **DENIED.**

## II. Plaintiff's Objections

Plaintiff objects to several of the Magistrate Judge's recommendations. He contends the Magistrate Judge erred in finding that Plaintiff failed to exhaust his administrative remedies as to his failure to protect claims and all his claims against Defendant Edwards. He also objects to the recommendation that the Court dismiss all Defendants in their

official capacity on Eleventh Amendment immunity grounds. Lastly, he maintains the Magistrate incorrectly concluded that he had failed to state a cognizable claim against Defendants Vaughn, Owens, and Sittnick. The Court will address each of these areas of objection below.

### A. Plaintiff's Objections Regarding Exhaustion of Administrative Remedies

In support of his objections regarding exhaustion, Plaintiff primarily contends that the grievance process does not require an inmate to name in a grievance each and every individual involved in an event. Plaintiff asserts that Standard Operating Procedure ("SOP") IIB05-0001 provides that the inmate's complaint must fit in the space provided, which is only four (4) blank lines. Plaintiff also asserts that the language the Magistrate Judge quoted in his Report is from his (Plaintiff's) formal grievance, and his informal grievance set forth claims of breach of the duty of care, staff negligence, and violations of the SOP and included information about the assault, his injuries, and need for continuing medical treatment. According to Plaintiff, his grievance set forth sufficient facts to put Defendant Edwards on notice that his grievance included claims against him and to put all Defendants on notice of a failure to protect/deliberate indifference to safety claim. Dkt. No. 75, pp. 3-6.

The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). "However, 'while § 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process, it does not require more.'" Id. (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000)). In Brown, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide." 212 F.3d at 1210. Nevertheless, the purpose of section 1997e(a) is not that "fact-intensive litigation" result over whether every fact relevant to the cause of action was included in the grievance. Hooks v. Rich, CV605-65, 2006 WL 565909, at *5 (S.D. Ga. Mar. 7, 2006) (Edenfield, J.) (internal citation omitted). "'As long as the basic purposes of exhaustion are fulfilled, there does not appear to be any reason to require a prisoner plaintiff to present fully developed legal and factual claims at

the administrative level.'" Id. (quoting Irvin v. Zamora, 161

F. Supp.2d 1125, 1135 (S.D. Cal. 2001)). Rather, Section

1997e(a) is intended to force inmates to give state prison

authorities a chance to correct constitutional violations in

their prisons before resorting to federal suit and to prevent

patently frivolous lawsuits. Id. "The exhaustion requirement

is a gatekeeper, not a 'gotcha' meant to trap unsophisticated

prisoners who must navigate the administrative process *pro se*."

Id.

In his informal grievance numbered 99010, Plaintiff

asserted that: "On 9-9-11 I was brutally beaten, sustaining

multiple head/face injuries. Chronic brain illness and injuries

required x-rays and treatment at A.S.M.P. immediately. Instead

I was transferred to Calhoun, unable to maintain in G.P.,

unhealthy." Dkt. No. 27-6, p. 2. Plaintiff's requested

resolution was "To be seen by my neurosurgeon, Dr. Yancey. To be

transferred to A.S.M.P. for permanent, consistent medical

treatment immediately. To not receive any form of retaliation

from institutional staff." (Id.) As the Magistrate Judge

recounted, Plaintiff's formal grievance states:

> On Sept. 9, 2011[,] I was beaten with [a] wooden mop
> handle multiple times in the face and stabbed in the
> arm at Ware S.P. I requested immediate outside
> medical attention because many blows were inflicted on
> my head, too. Lt. Adams tried to send me out, but
> Ware S.P. medical staff denied his request—in spite of
> video evidence. I was not treated but transferred to

Calhoun. On October 24, 2011, A.S.M.P. medical staff ordered reconstructive surgery on my face and head.

Dkt. No. 56-1, p. 5.

Plaintiff fails to mention Defendant Edwards in his informal or formal grievance by name, but Plaintiff was not required to do so. However, in viewing the allegations contained in Plaintiff's informal and formal grievances in the light most favorable to him, the allegations contained in Plaintiff's informal and formal grievance reveal his displeasure with medical staff at Ware State Prison, not Calhoun State Prison. Plaintiff asserts that he should have been provided with medical treatment at Augusta State Medical Prison as a result of events which allegedly occurred at Ware State Prison. Instead, Plaintiff avers, he was transferred to Calhoun State Prison.

In addition, Plaintiff fails to set forth any facts which could reasonably put Defendants on notice that Plaintiff wished to pursue a failure to protect or deliberate indifference to safety claim against prison officials. Although Plaintiff contends in both of these documents that he was assaulted, he makes no assertion that this alleged assault was the result of prison staff's deliberate indifference to his safety. Plaintiff's conclusory statement of "breach of duty of care, staff negligence, violation of SOP" in his informal grievance,

dkt. no. 27-6, p. 2, is not enough to set forth a deliberate indifference to safety claim. At best, such a statement sets forth an alleged state tort law violation, which is an insufficient basis of liability in a 42 U.S.C. § 1983 suit. Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.").

For these reasons, Plaintiff's Objections to the Magistrate Judge's conclusions on administrative exhaustion are **OVERRULED**, and Plaintiff's failure to protect claims against all Defendants and all claims against Defendant Edwards are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

### B. Plaintiff's Objections Regarding Eleventh Amendment Immunity

In objecting to the Magistrate's conclusion that Defendants are immune from suit in their official capacities, Plaintiff asserts that he is seeking an injunction and protective order to prevent irreparable injury and that he seeks this relief against Defendants in their official capacities. Dkt. No. 75, p. 6.

The Magistrate Judge recommended that Plaintiff's monetary damages claims against Defendants in their official capacities

be dismissed. Dkt. No. 70, pp. 15-16.[4] While such a recommendation, if adopted, would ordinarily only dispose of a plaintiff's monetary damages claims against defendants in their official capacities, this is not true here. As Defendants correctly note, this Court already dismissed Plaintiff's injunctive relief claims on a previous occasion. Dkt. No. 16, 45. Consequently, Plaintiff's Objections on this front are **OVERRULED**, and all claims against Defendants in their official capacities are **DISMISSED**.

### C. Plaintiff's Objection to Recommended Dismissal of Defendants Owens and Sittnick

The Magistrate Judge recommended dismissal of Plaintiff's claims against Defendants Owens and Sittnick because there is no allegation that they were aware of Plaintiff's serious medical needs or were deliberately indifferent to his serious medical needs. Plaintiff contends that Defendants Owens and Sittnick were aware of the investigation of Plaintiff's assault, injuries, and grievances, as demonstrated by the referral of Plaintiff's grievance to the Internal Investigations Division. Plaintiff asserts that Defendants Owens and Sittnick are liable because "the denial of adequate medical treatment can also be attributable to the promulgation of policy(ies), custom(s) and/or systemic practices that are to be implemented by their

---

[4] Plaintiff has not disputed that Defendants are immune from claims seeking monetary relief against them in their official capacities.

employees." Dkt. No. 75, pp. 7-8. Plaintiff also asserts that medical staff's failure to respond to injuries as severe as his, especially in light of his medical history, cannot be attributable to compliance with the applicable SOPs. Plaintiff contends that consideration of Defendants Owens' and Sittnick's knowledge of Plaintiff's injuries and lack of treatment should not be relevant. Rather, Plaintiff contends that Defendants Owens' and Sittnick's failure to address his injuries demonstrate deliberate indifference to adequate training and/or staff shortages, which created an atmosphere encouraging a failure to follow policy in favor of economic considerations and other factors. Plaintiff avers that "[a]ny deficiency in the Complaint with respect to the allegations surrounding these Defendants [Owens and Sittnick] can be cured by amendment." (Id. at p. 9.)

Contrary to Plaintiff's assertions in his Objections, he has failed to set forth any facts which reveal that he intended to hold Defendants Owens and Sittnick liable based on anything more than their supervisory positions with the Georgia Department of Corrections. Plaintiff fails to make a causal connection between any policies which may be in place which were promulgated by Defendants Owens and Sittnick and which resulted in Defendants Owens and Sittnick being deliberately indifferent to Plaintiff's medical needs.

In addition, to the extent Plaintiff wishes to amend his Complaint to include additional allegations against Defendants Owens and Sittnick in an effort to establish liability on their part, any attempt to do so must fail. See Erb v. Advantage Sales & Marketing, LLC, No. 6:11-cv-2629, 2012 WL 3260446, *3 (N.D. Ala. Aug. 3, 2012) (quoting Cherry v. City of Philadelphia, No. 04-1393, 2004 WL 2600684, *3 (E.D. Pa. Nov. 15, 2004) (quotations and citations omitted) ("Motions to dismiss brought pursuant to Rule 12(b)(6) test the sufficiency of the factual allegations contained in the complaint, and 'a party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.'"); accord Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). By extension, the inability to amend a complaint in response to a defendant's motion to dismiss applies equally, if not more so, to allegations contained in objections to a report recommending the dismissal of claims and/or defendants based on the insufficiencies contained in a complaint.

Therefore, Plaintiff's Objections are **OVERRULED**, and Plaintiff's claims against Defendants Owens and Sittnick are **DISMISSED WITH PREJUDICE.**

### D. Plaintiff's Objection to the Recommended Dismissal of Defendant Vaughn

Next, Plaintiff avers that the "substance of the claims against Defendant Vaughn are not implausible and are at the very least sufficient to raise a 'reasonable expectation that discovery will reveal evidence,' that supports the plaintiff's claim." Dkt. No. 75, p. 9 (citation omitted). Plaintiff contends that Defendant Vaughn's contact with him was as a member of the prison medical staff, just as is true for Defendants Moore and Ferra. Plaintiff also contends that Defendant Vaughn's deliberate indifference to his serious medical needs was demonstrated by her failure to train and supervise her staff, as well as through her personal participation in withholding or failing to provide timely medical treatment to him. Plaintiff further contends that Defendant Vaughn provided a statement during the investigation into Plaintiff's grievances, which suggests a level of involvement beyond supervision.

As the Magistrate Judge noted, the entirety of Plaintiff's claim against Defendant Vaughn contained in his Complaint is that she, as the head of nursing, "was responsible for the

training and supervision of medical personnel and failed to provide Plaintiff with proper medical treatment." Dkt. No. 70, p. 3. The Magistrate Judge correctly noted that Plaintiff cannot survive a Motion to Dismiss with such a conclusory allegation. Defendant Vaughn should be dismissed as a named Defendant because Plaintiff failed to make sufficient factual allegations against her and Plaintiff's theory of liability against Defendant Vaughn has to be more than a showing of respondeat superior. In addition, as with Plaintiff's Objections concerning Defendants Owens and Sittnick, Plaintiff cannot amend his Complaint at this stage in an effort to set forth a sufficient basis of liability against Defendant Vaughn. See § C, supra.

Consequently, this Objection is **OVERRULED**, and Plaintiff's claims against Defendant Vaughn are **DISMISSED**.

CONCLUSION

For the reasons and in the manner set forth above, the parties' Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Plaintiff's claims against Defendant Edwards and Plaintiff's failure to protect claims are **DISMISSED**, without prejudice, based on Plaintiff's failure to

exhaust his administrative remedies. Plaintiff's monetary damages claims against Defendants in their official capacities and his deliberate indifference claims against Defendants Owens, Sittnick, and Vaughn are **DISMISSED**. Plaintiff's deliberate indifference claims against Defendants Moore, Ferra, and Hart remain pending.

**SO ORDERED,** this 9 day of March, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA