# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

| | | |
|---|---|---|
| CLEVELAND D. DUNN, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:13-cv-131 |
| | * | |
| v. | * | |
| | * | |
| DARRELL HART, Warden, Ware State Prison; BARBARA J. MOORE, LPN, Ware State Prison; and MARY GAIL FERRA, NP, Ware State Prison, | * * * * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Plaintiff Cleveland Dunn's Motion for Reconsideration, dkt. no. 85, to which Defendants filed a Response, dkt. no. 86. Through this Motion, Plaintiff requests that the Court reconsider and reverse its Order granting Defendants' Motion to Dismiss in Part, dkt. no. 78. For the reasons which follow, the Court **DENIES** Plaintiff's Motion.

### Background

Plaintiff, through counsel, filed this cause of action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff's action centers on an attack he suffered at the hands of another inmate while he was incarcerated at Ware State Prison in Waycross,

AO 72A
(Rev. 8/82)

Georgia. Plaintiff levied allegations that various prison personnel failed to prevent the attack and others failed to appropriately respond to the attack. Dkt. No. 1.

The Magistrate Judge conducted the requisite frivolity review and ordered service of Plaintiff's Complaint upon some Defendants and recommended the dismissal of Plaintiff's claims against other Defendants. Dkt. Nos. 16, 18. The Court adopted this recommendation as the opinion of the Court and dismissed Plaintiff's claims against six Defendants. Dkt. No. 45.

The other Defendants upon whom the Magistrate Judge ordered service of Plaintiff's Complaint then filed a Motion to Dismiss. Dkt. No. 27. The Magistrate Judge initially recommended that Defendants' Motion to Dismiss be granted based on Plaintiff's failure to exhaust his administrative remedies prior to filing this cause of action. Dkt. No. 46. However, based on Plaintiff's Objections to that recommendation, the Magistrate Judge vacated his Report and Recommendation and directed the parties to offer explanations of several items bearing on the issue of whether Plaintiff exhausted his administrative remedies and to file any desired additional documentation. Dkt. Nos. 54, 69.

In his second Report and Recommendation, the Magistrate Judge recommended that Defendants' Motion to Dismiss be granted in part and denied in part. Dkt. No. 70. Pertinently, the

Magistrate Judge recommended that the Court should dismiss Plaintiff's claims against Defendant Edwards, as well as claims against all Defendants for failure to protect, without prejudice for failure to exhaust administrative remedies.[1] Id.

Plaintiff objected to the Report and Recommendation, and Defendants responded. Dkt. Nos. 75, 76. The Court overruled Defendants' Objections to the Report and Recommendation, as well as Plaintiff's Objections. Dkt. No. 78. Among other things, the Court's Order discussed at length Plaintiff's Objections regarding his failure to exhaust his administrative remedies as to his claims against Defendant Edwards and his failure to protect claims. Id. at pp. 13-21. Ultimately, the Court adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court. Plaintiff now seeks the Court's reconsideration of its dismissal of Plaintiff's claims against Defendant Edwards and his failure to protect claims. Dkt. No. 85.

---

[1] The Magistrate Judge also recommended dismissal of all claims against Defendants in their official capacities on Eleventh Amendment immunity grounds. Additionally, the Magistrate Judge concluded that Plaintiff's claims against Defendants Vaughn, Owens, and Sittnick should be dismissed for failure to state a claim. However, the Magistrate Judge recommended that the Court should deny Defendants' Motion on statute of limitations grounds and that Plaintiff had stated facially plausible claims against Defendants Moore, Ferra, and Hart for deliberate indifference to Plaintiff's medical needs. Dkt. No. 70. Plaintiff does not challenge those issues in the instant Motion.

## DISCUSSION

In his Motion, Plaintiff asserts that he filed his grievances about his medical care and failure to protect after his transfer from Ware State Prison to Calhoun State Prison. Dkt. No. 85, p. 2. Thus, Plaintiff maintains, his references to Ware State Prison should not be read to the exclusion of Calhoun State Prison. Id. Plaintiff contends he was grieving about the deficient care he claims to have received at both institutions, including the treatment by Defendant Edwards, based on his request to be transferred to Augusta State Medical Prison immediately. Id.

Plaintiff also avers his "request for treatment and protection from retaliation," and "the indication of its urgency" would not have been necessary had he been receiving adequate treatment at Calhoun State Prison. Id. In addition, Plaintiff notes the response he received to his grievance, in which it was determined Ware State Prison's security staff followed proper procedure. According to Plaintiff, this finding is inconsistent with the Court's finding that Plaintiff's grievance failed to set forth any facts putting officials on notice of his failure to protect claim. Plaintiff further asserts he was informed by a counselor that it was not necessary to grieve each and every issue relating to his medical care

since it was an ongoing issue which had already been grieved. Id. at p. 4.

In their Response, Defendants note that Plaintiff has made some of these same contentions on previous occasions. Specially, they contend that Plaintiff rehashes arguments that the Court already rejected regarding his exhaustion attempts relating to Defendant Edwards. Dkt. No. 86, p. 2. Defendants also note that the Court viewed the allegations contained in Plaintiff's grievances in the light most favorable to him. Id. at pp. 2-3. Defendants point out that Plaintiff recognizes there is no argument with the law applied in this case. Yet, they contend, he requests the Court reconsider its previous rulings, despite Plaintiff having presented these arguments on previous occasions or failing to show he could not previously raise his assertions prior to the present Motion.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."

Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted).

A review of Plaintiff's Motion reveals nothing more than a request for the undersigned to re-examine the Court's March 9, 2015, ruling. Dkt. No. 78. Plaintiff has made these same arguments on previous occasions, and they were rejected after a thorough discussion in the Report and Recommendation and Order. The Court will not allow Plaintiff to have what will amount to at least his third bite at the exhaustion apple. Plaintiff asserts for the first time in his Motion that he was told he did not need to grieve each and every issue relating to his medical care since it was an ongoing issue which had already been grieved. However, Plaintiff fails to cite anything in the record supporting this assertion.[2] In addition, Plaintiff fails to show that his deliberate indifference claims stemming from one prison carried over to the transferee prison as an ongoing

---

[2] On this point, it is important to note that the Magistrate Judge, and hence, this Court, proceeded to the second exhaustion step pursuant to Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), and resolved disputes regarding exhaustion by examining evidence outside the pleadings. Dkt. No. 70, p. 9.

issue which need not have been grieved at the second prison. Moreover, Plaintiff provides no rationale for his failure to present this assertion on a previous occasion, particularly in light of Plaintiff having several opportunities to do so.

## CONCLUSION

Put succinctly, Plaintiff fails to show that the Court made a manifest error of law or fact warranting reconsideration. Consequently, Plaintiff's Motion for Reconsideration is **DENIED**. The Court's Order dated March 9, 2015, remains the Order of the Court.

**SO ORDERED**, this __29__ day of __February__, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA