# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

CLEVELAND D. DUNN,

    Plaintiff,

v.

DARRELL HART, Warden, Ware State Prison, et al.,

    Defendants.

CIVIL ACTION NO.: 5:13-cv-131

## ORDER

Presently before the Court is Plaintiff's Motion to Amend his Complaint and Motion to Stay Proceedings, (docs. 100, 120), as well as Plaintiff's Motion to Proceed *Pro Se*, (doc. 117), and Counsel's Motion to Withdraw, (doc. 118). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Amend. The Court **GRANTS** Plaintiff's Motion to Proceed *Pro Se* and Counsel's Motion to Withdraw, and **GRANTS** Plaintiff's Motion to Stay Proceedings.[1]

## BACKGROUND

Plaintiff filed this action, through his attorney, Tamika Hrobowski-Houston, on December 9, 2013. He brought claims, pursuant to 42 U.S.C. § 1983, contesting conditions of his confinement at Ware State Prison in Waycross, Georgia, and Calhoun State Prison in Morgan, Georgia. (Doc. 1.) In his original Complaint, Plaintiff alleged Eighth Amendment claims for failure to protect and medical deliberate indifference against numerous Georgia Department of Corrections ("GDOC") officials and employees arising out of an assault by a

---

[1] As laid out below, the Court stays a ruling on Defendants' Motion for Summary Judgment until Plaintiff has the opportunity to respond. However, to be clear, this case shall remain active in all other respects and shall remain open on this Court's docket.

fellow inmate at Ware State Prison and the subsequent medical care he received at Ware and Calhoun State Prison. (Id.) Following the filing of Plaintiff's Complaint, Magistrate Judge James E. Graham issued a General Order in which the Court forewarned Plaintiff that "the last day for <u>filing motions to add or join parties or amend the pleadings</u> is 60 days after the first answer of the defendants named in the original complaint." (Doc. 2, p. 2.) (emphasis in original). Defendants filed their answer on March 20, 2015. (Doc. 82.) Accordingly, the deadline for filing a motion to amend or add parties was May 19, 2015. Plaintiff filed his motion for leave to amend, through counsel, seven months later on December 18, 2015.[2]

In his motion to amend, Plaintiff seeks leave both to add a party and to amend his pleadings with additional Eighth Amendment claims. First, Plaintiff seeks to add as a defendant "FNU Abreu," the director of GDOC's Utilization Management. (Doc. 100-1, p. 18.) Plaintiff contends this individual exhibited deliberate indifference to his medical needs by promulgating policies which resulted in the delay of his medical services. (Id.) Plaintiff also seeks to add supervisory liability claims against defendant Ferra and a previously dismissed defendant, as well as various additional deliberate indifference and failure-to-protect claims.

Following Plaintiff's motion to amend, he filed a Motion to Proceed *Pro Se* on March 2, 2016. (Doc. 117.) The next day, on March 3, 2016, Plaintiff's counsel filed a Motion to Withdraw. (Doc. 118.) Finally, Plaintiff filed a Motion to Stay Proceedings on March 28, 2016, requesting that the court order counsel to mail all legal documents and medical records

---

[2] On December 10, 2015, eight days before Plaintiff filed his Motion to Amend, Defendants filed a Motion for Summary Judgment. (Doc. 95.) On December 15, 2015, Plaintiff filed a Motion for Extension of Time to File "Motions," (doc. 98), which the Court granted. However, instead of filing a response to Defendants' Motion for Summary Judgment or other pleading, Plaintiff filed the pending Motion to Amend. Plaintiff has since filed four motions for extensions of time to file a response to Defendants' Motion for Summary Judgment. The Court granted these motions, and ultimately extended the deadline to March 7, 2016. (Doc. 116.) However, Plaintiff has still not filed a response to Defendants' Motion for Summary Judgment.

pertaining to his case in her possession to Plaintiff's current address and to stay the case for an additional thirty (30) days following his receipt of the requested documentation. (Doc. 120).

## DISCUSSION

### I. Plaintiff's Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend his complaint once as a matter of right within twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f).[3] Even when a party may not amend as a matter of right, he may amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(b). "The court should freely give leave when justice so requires." Id. "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that <u>were overlooked</u> or <u>were unknown</u> at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473 (emphasis added); see also, In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). While leave to amend is generally freely given, it is by no means guaranteed. The decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut., Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).

Moreover, if a court has entered a scheduling order prescribing a deadline for motions to amend pleadings, a plaintiff seeking leave to amend his complaint after that deadline must demonstrate "good cause." Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) (citing S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241

---

[3] The Eleventh Circuit has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a)."). Accordingly, the fact that the Court has already conducted a frivolity review of Plaintiff's Complaint and issued a Report and Recommendation does not deprive Plaintiff of his right to amend. Id.

(11th Cir. 2009)); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In addition, a court need not allow leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." In re Engle Cases, 767 F.3d at 1108–09 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Plaintiff's Motion entirely ignores the good faith standard. He has failed to establish any grounds, much less good cause, for extending the deadline to amend his pleadings months after that deadline passed. As discussed above, Magistrate Judge Graham's General Order, (doc. 2), warned Plaintiff that any motions to amend or motions to add parties must be filed no later than sixty days following Defendants' Answer. As Defendants filed their Answer on March 20, 2015, the deadline to amend his Complaint or to add parties was May 19, 2015. Plaintiff was reminded in the Court's Order dated September 3, 2015, (doc. 92, p. 2, n.1), in which the Court granted Plaintiff's Motion for Extension of Time to Complete Discovery, that "the time for filing motions to add or join another party or to amend the pleadings expired on May 19, 2015." In that Order, the Court forewarned Plaintiff that "[t]his deadline will not be extended except upon a showing of exceptional circumstances." (Id.) Nevertheless, on December 15, 2015, Plaintiff filed a Motion for Extension of Time to File "Motions." (Doc. 98.) In that Motion, Plaintiff cited the Court's Order of November 23, 2015, (doc. 94), in which the Court re-set the deadline to file dispositive motions as December 14, 2015. (Doc. 98, p. 1.) (emphasis added). Despite Plaintiff's acknowledgement in his Motion for an Extension of Time that that prior deadline extension pertained to dispositive motions only, Plaintiff filed—not a dispositive motion—but a

4

Motion to Amend. It appears Plaintiff has attempted to conceal his undue delay in bringing this motion by relying on a prior Order of the Court pertaining to dispositive motions only.

Additionally, despite the Court's warning in its September 3, 2015, Order that Plaintiff would be required to make a showing of "exceptional circumstance" to warrant an extension of the May 19, 2015, deadline, Plaintiff's Motion provides no explanation for his seven-month delay in filing a motion to amend. Instead, Plaintiff merely asserts that Rule 15(a) "favors granting leave to amend." (Doc. 100, p. 2.) Moreover, nothing in Plaintiff's motion indicates that FNU Abreu or Plaintiff's additional claims were unknown to him prior to May 19, 2015, or that he was otherwise unable to add the additional party or claims before the deadline. S. Grouts, 575 F.3d at 1242 ("[P]laintiff lacked diligence, at the very least, because it waited . . . to file a motion to amend its complaint with information that it had known over a month before."). Allowing Plaintiff to add this party and to assert these additional claims over two years after the Complaint was filed—and seven months after the deadline to add parties or to amend pleadings passed—would be to reward undue delay and a disregard of the Court's prior orders.

Additionally, adding parties and claims at this late date would significantly and unduly prejudice the actual Defendants as well as the proposed Defendants. The parties have already completed discovery in this case. Thus, if the Court were to allow Plaintiff's amendment, the Court would have to reopen discovery and Defendants would have to repeat discovery measures, such as depositions, which have already occurred. Furthermore, the proposed defendants would be out of the loop on discovery practice that has already taken place. Particularly when considered in light of the unexplained and inexcusable delay of Plaintiff, the Court sees no reason to require Defendants to shoulder such prejudice and expense.

For these reasons, the Court **DENIES** Plaintiff's Motion to Amend.

## II.     Plaintiff's Motion to Proceed *Pro Se* and Counsel's Motion to Withdraw

Plaintiff and counsel agree that Tamika Hrobowski-Houston should be withdrawn as counsel of record for Plaintiff. Accordingly, Plaintiff has moved to proceed in this action *pro se*, (doc. 117), and counsel responded with a Motion to Withdraw as Attorney of Record, (doc. 118). While there is no constitutional right to self-representation in a civil case, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Eleventh Circuit discussed the right to self-representation in Reshard v. Britt, 819 F.2d 1573, 1579 (11th Cir. 1987) (vacated en banc), holding that "the right to proceed *pro se* under 28 U.S.C. § 1654 is a fundamental statutory right that is afforded the highest degree of protection." Therefore, having considered plaintiff's motion to represent himself in this matter, the Court **GRANTS** plaintiff's motion to proceed *pro se*, (doc. 117), and counsel's motion to withdraw, (doc. 118).

However, Plaintiff is forewarned that the right to self-representation does not exempt him from compliance with this Court's rules, deadlines, and procedures. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Additionally, Plaintiff has an obligation to prosecute this case and to keep the Court apprised of his current whereabouts by notifying the Court of any change in his address. Should Plaintiff fail to fulfill those duties, the Court will dismiss this case for failure to prosecute and follow Court orders.

**III. Plaintiff's Motion to Stay Proceedings**

Finally, Plaintiff filed a motion to stay proceedings in which he contends that, despite his requests, counsel has failed to return to him legal documents, medical records, and other documentation concerning his case. (Doc. 120, p. 1.) Plaintiff alleges that, on March 3, 2016, counsel agreed to send the requested documents to his current address. (Id.) However, as of March 28, 2016, Plaintiff had not received the documents. (Id.) Plaintiff maintains that he cannot properly respond to Defendants' Motion for Summary Judgment, (doc. 95), until counsel returns the requested documents contained within his case file. Therefore, Plaintiff moves the Court to stay all proceedings until he receives the documents. Plaintiff also requests an additional thirty days thereafter in which to respond to Defendants' Motion for Summary Judgment. (Id.) Defendants have not opposed Plaintiff's Motion.

This Court is reluctant to further delay this case. However, the Court prefers to decide cases on the merits and after a full opportunity for all parties to be heard. Additionally, it appears that the blame for Plaintiff's failure to respond to the Motion for Summary Judgment rests with his counsel rather than with Plaintiff individually. Accordingly, the Court **ORDERS** Plaintiff's counsel to deliver any documents in her possession pertaining to Plaintiff's case to his current address within fourteen (14) days of the date of this Order. Swift, Currie, McGhee & Hiers v. Henry, 276 Ga. 571, 573, (2003) ("a document created by an attorney belongs to the client who retained him"); Homer U.S. Commodity Futures Trading Comm'n v. Am. Derivatives Corp., No. CIV.A.1:05CV2492RWS, 2008 WL 2571691, at *5 (N.D. Ga. June 23, 2008) (ordering client's former attorney to turn over client's papers to client despite attorney's lien); GA R BAR Rule 4-102, RPC Rule 1.16 ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering

papers and property to which the client is entitled."). Plaintiff is **ORDERED** to file a Response to Defendants' Motion for Summary Judgment within forty-five days of the date of this Order. In this manner, Plaintiff's Motion to Stay a ruling on Defendants' Motion for Summary Judgment is **GRANTED**.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Amend, (doc. 100). However, the Court **GRANTS** Plaintiff's Motion to Proceed *Pro Se*, (doc. 117), and Counsel's Motion to Withdraw (doc. 118), and **GRANTS** Plaintiff's Motion to Stay a ruling on Defendants' Motion for Summary Judgment.

**SO ORDERED**, this 28th day of April, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA