**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

CLEVELAND D. DUNN,

  Plaintiff,

v.

DARRELL HART, Warden, Ware State Prison, et al.,

  Defendants.

CIVIL ACTION NO.: 5:13-cv-131

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Dodge State Prison in Chester, Georgia, filed, pursuant to Federal Rule of Civil Procedure 60(b)(1), a Motion for Reconsideration of this Court's Order of April 28, 2016, denying his Motion to Amend his Complaint.[1] (Doc. 128.) Plaintiff has also filed a Motion for Appointment of Plaintiff's Power of Attorney to be Recognized as Plaintiff's Agent, (doc. 129), in which Plaintiff requests that the Court direct all Plaintiff's legal documentation to a third party. For the reasons which follow, the Court should **DENY** Plaintiff's Motion for Reconsideration, (doc. 128). Further, the Court **DENIES** his "Motion for Appointment," (doc. 129).

## BACKGROUND

Plaintiff filed this action, through his attorney, Tamika Hrobowski-Houston, on December 9, 2013. He brought claims, pursuant to 42 U.S.C. § 1983, contesting conditions of his confinement at Ware State Prison in Waycross, Georgia, and Calhoun State Prison in Morgan, Georgia. (Doc. 1.) In his Complaint, Plaintiff alleged Eighth Amendment claims for

---

[1] Though Plaintiff's Motion is labeled as an "Objection" to the Court's April 28, 2016 Order, a review of Plaintiff's Objection reveals that it is properly classified as a Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(1).

failure to protect and medical deliberate indifference against numerous Georgia Department of Corrections ("GDOC") officials and employees arising out of an assault by a fellow inmate at Ware State Prison and the subsequent medical care he received at Ware and Calhoun State Prison. (Id.)

On December 18, 2015—seven months past the deadline on which Plaintiff could timely amend his Complaint or add parties—Plaintiff filed a Motion to Amend his Complaint. (Doc. 100.) Plaintiff sought to add a party and to amend his pleadings with additional Eighth Amendment claims. Following Plaintiff's Motion to Amend, he filed a Motion to Proceed *Pro Se* on March 2, 2016, (doc. 117), and Plaintiff's counsel filed a Motion to Withdraw on March 3, 2016, (doc. 118), both of which the Court granted. Attributing his failure to timely amend his Complaint to add an additional party and claims to his attorney's deficient performance throughout the case, Plaintiff now requests that the Court reconsider its denial of his Motion to Amend, (doc. 100).

## DISCUSSION

### I. Motion for Reconsideration (Doc. 128)

Plaintiff contends that he failed to comply with the Court's prior Order to add parties and amend his claims by May 19, 2015, because his attorney failed to diligently pursue his case. (Id. at p. 7.) Accordingly, Plaintiff avers that the Court should reconsider its prior Order and grant his Motion to Amend, as he was not personally at fault for missing the deadline. (Id.) Labeling his Motion as an "Objection to the Court's Order of April 28, 2016," Plaintiff moves the Court under Federal Rule of Civil Procedure 60(b)(1)[2] to reconsider its prior Order, (doc. 127), and to grant his Motion to Amend, (doc. 100).

---

[2] "[A]lthough Rule 60(b) provides several grounds for a court to amend an earlier judgment, claims of attorney error must be evaluated under subsection (60)(b)(1) rather than under the more general,

2

"On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:" "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Under Rule 60(b), [a] prisoner must prove 'extraordinary circumstances' justifying the reopening of a final judgment." Howell v. Sec'y, Fla. Dep't of Corr., 730 F.3d 1257, 1260 (11th Cir. 2013) (internal citation omitted). However, even if a prisoner "demonstrate[s] that the circumstances are sufficiently extraordinary to warrant relief," "whether to grant the requested [Rule 60(b)] relief is . . . a matter for the district court's sound discretion." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (alteration in original) (internal citation omitted).

Generally, "clients must be held accountable for the acts or omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 396 (1993). There is "no merit to the contention that dismissal of [a client's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." Id. (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633–34, (1962)) (emphasis added). Therefore, plaintiff's counsel's failure to meet a deadline rarely constitutes a "sufficiently extraordinary" circumstance to warrant Rule 60(b)(1) relief. Nevertheless, the Supreme Court has stated that "<u>excusable</u> neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Id. at 394. (emphasis added). "[W]hether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (quoting Pioneer, 507 U.S. at 395).

---

'residual' standard contained in 60(b)(6)." Bank of the Ozarks v. Prince Land, LLC, No. CV 212-013, 2013 WL 395132, at *1 (S.D. Ga. Jan. 31, 2013) (citing Solaroll Shade & Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986)).

"To determine whether the neglect is excusable and justifies relief from a . . . [Court's Order], courts must consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the control of the movant; and (4) whether the movant acted in good faith." Bohannon v. PHH Mortg. Corp., No. 1:12-CV-02477, 2015 WL 1137663, at *3 (N.D. Ga. Mar. 12, 2015) (citing Cheney, 71 F.3d at 850). "The Eleventh Circuit has repeatedly 'demonstrated its weariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error.'" Bank of the Ozarks, 2013 WL 395132, at *2 (quoting Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993)). Here, there are ample reasons to remain wary of granting Plaintiff's requested relief from this Court's Order, (doc. 127).

First, as discussed in the Court's Order denying Plaintiff's Motion to Amend his Complaint, "adding parties and claims at this late date would significantly and unduly prejudice the actual Defendants as well as the proposed Defendants." (Doc. 128, p. 5.) "[I]f the Court were to allow Plaintiff's amendment, the Court would have to reopen discovery and Defendants would have to repeat discovery measures, such as depositions, which have already occurred." (Id.) Accordingly, vacating this Court's prior Order would create a danger of prejudice to the opposing party. Second, Plaintiff's delay of seven months weighs against a finding of excusable neglect. See S.E.C. v. Simmons, 241 F. App'x 660 (11th Cir. 2007) (holding that plaintiff's inexplicable delay of over four months in filing a motion to vacate default judgment precluded relief under Rule 60(b)(1)). Third, Plaintiff contends that the reason for his seven-month delay was his attorney's failure to properly manage his case. While the Court appreciates that Plaintiff has attempted to diligently pursue his case during the time in which he has proceeded as a *pro se*

4

litigant, "clients must be held accountable for the acts or omissions of their attorneys." Pioneer, 507 U.S. at 396. Neither Plaintiff nor his former counsel has offered any explanation regarding his seven-month delay. Finally, as discussed in the Court's Order denying Plaintiff's Motion to Amend, (doc. 127), it appears that Plaintiff's counsel "attempted to conceal his undue delay in bringing [a Motion to Amend] by relying on a prior Order of the Court pertaining to dispositive motions only." Plaintiff's counsel's questionable tactics for obtaining a motion for an extension of time in which to file an untimely Motion to Amend counsels against a finding of good faith, and, therefore, against a grant of relief pursuant to Rule 60(b)(1).

For all these reasons, Plaintiff has not shown that his failure to file a timely Motion to Amend was attributable to excusable neglect. Consequently, Plaintiff has not shown that he is entitled to relief under Rule 60(b)(1).

## II. Motion for Appointment

Plaintiff has also filed a "Motion for Appointment," in which he requests that the Court send his legal mail to Rhonda Lanae Thompson. Attached to his Motion, Plaintiff submitted a notarized copy of a Power of Attorney granting Rhonda Lanae Thompson authority to manage his legal affairs. On the record before it, the Court is unwilling to send Plaintiff's papers to an address where Plaintiff is not located. Additionally, the Court is wary of recognizing a non-attorney as an "agent" for Plaintiff in this litigation. Plaintiff is advised that the Clerk of Court may only send mail to the address listed upon the docket of the case. Plaintiff has not filed a Notice changing his address in this case. Further, it does not appear that Plaintiff has had problems receiving recent pleadings in this case. Accordingly, at this time, Plaintiff's Motion is **DENIED**.

CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the Court **DENY** Plaintiff's Motion for Reconsideration of this Court's April 28, 2016 Order, (doc. 128). His "Motion for Appointment" (doc. 129), is **DENIED**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Green.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA